GILLIAM *v.* STATE.

(Division B. Dec. 11, 1939. Suggestion of Error Overruled Jan. 8, 1940.)

[192 So. 440. No. 33821.]

Otto Karl Wiesenburg, of Pascagoula, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the State.

**McGehee, J.,** delivered the opinion of the court.

From a conviction of the crime of murder, and a sentence of life imprisonment in the state penitentiary, this appeal is prosecuted mainly for the purpose of having the Court determine whether error was committed in the trial court in submitting to the jury the question of the appellant's guilt of murder, instead of limiting the issue to manslaughter, as being the highest degree of the offense of which he could be convicted under the evidence. Other alleged errors are assigned, and will be herein considered.

On behalf of the state the proof disclosed that the appellant committed what appeared to be an unprovoked assault on the deceased by catching him in the shirt collar with one hand while he pulled a pistol from his pocket with the other. That thereupon a by-stander caught appellant's arm in an effort to keep him from

shooting the deceased, and succeeded for a time in causing the pistol to be pointed down toward the floor. Finally, the appellant was able to free his arm from the hold which the by-stander had, and upon doing so the pistol was immediately fired.

We are of the opinion that under all of the facts and circumstances the jury was either warranted in reasonably concluding that the shot was fired by the appellant deliberately, in an effort to kill the deceased, so as to render him guilty of murder; or, on the other hand, that it was fired accidentally while the appellant was engaged in the commission of an unlawful act, and under such circumstances as to render him guilty of manslaughter. The jury adopted the former theory, and we do not feel justified in disturbing the verdict in that behalf.

It is also contended that one of the instructions given on behalf of the state invited a death sentence. However, it did not result in causing the jury to render such a verdict, and in our opinion the instruction is not susceptible of that interpretation. Nor do we think that there was any error in the granting or refusal of other instructions, such as would be prejudicial to the rights of the accused. One of the refused instructions requested by the appellant sought to instruct the jury that it "was not empaneled for the purpose of convicting the defendant . . ." Abstractly speaking, that observation is correct, but the court was not in error in refusing to embody the statement in an instruction, since it is equally true that a jury is empaneled in a criminal case as much for the purpose of convicting a defendant if the evidence convinces the jurors of his guilt beyond a reasonable doubt, as for the purpose of acquitting him if the evidence fails to convince them beyond every reasonable doubt of his guilt. Therefore, it is not improper to refuse an instruction on either phase of that question. If the defendant obtains an instruction that the jury is not empaneled for the purpose of convicting, and the state should obtain one to the effect that the jury is not em-

paneled for the purpose of acquitting, then the jurors might well inquire as to the purpose of their being empaneled at all.

The issue of murder or manslaughter, as well as that of innocence, was fairly presented to the jury by the instructions, and we find no ground for a reversal of the case on the evidence.

Affirmed.